UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS #155008,

    Plaintiff,                              Hon. Paul L. Maloney

v.                                        Case No. 1:17-CV-495

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 159) and Defendant's Motion for Summary Judgment (ECF No. 161). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 159) be granted in part and denied in part; Defendant's Motion for Summary Judgment (ECF No. 161) be granted; and Plaintiff's claims against Defendants Braman, Yokom, Larson, and Laroe be dismissed.

**BACKGROUND**

Plaintiff initiated this action on June 1, 2017, against the following Defendants: the MDOC; MDOC Director Heidi Washington; Trinity Services Group (Trinity); MTU Classification Director Michelle Sage; MTU Correctional Officer Lyle Griffith; Trinity Food Service Supervisor Lois Laroe; Trinity Food Service Director Raymond Larson; and Warden Dwayne Burton.   (ECF No. 1).   The factual allegations in Plaintiff's complaint

have been detailed previously. (*See* ECF No. 4). Briefly summarized, however, Plaintiff's allegations are as follows.

In February 2016, Plaintiff was assigned to work in food service. When Plaintiff arrived to begin this position he reported to Food Service Supervisor Laroe who instructed Plaintiff to work on the food service line. Plaintiff responded by informing Laroe that he had Hepatitis C and would prefer to work in a non-food handling capacity. Laroe immediately terminated Plaintiff's food service assignment because of his illness. Plaintiff was subsequently assigned to work as a unit porter.

Plaintiff alleged that the decision to terminate him from his food service position violated the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), the Equal Protection and Due Process protections of the Fourteenth Amendment, his Eighth Amendment rights, and also constituted a conspiracy to violate his constitutional rights. Plaintiff also advanced eight state law causes of action.

On June 23, 2017, the Honorable Paul L. Maloney dismissed all of Plaintiff's federal law claims for failure to state a claim on which relief may be granted. (ECF No. 4, 9). The Court also dismissed without prejudice Plaintiff's state law claims. (*Id.*). Plaintiff appealed the matter to the Sixth Circuit, which, in an order dated April 12, 2018, expressly affirmed the dismissal of Plaintiff's claims with one exception. (ECF No. 16). Specifically, the Sixth Circuit vacated the decision to dismiss Plaintiff's Rehabilitation Act claims on the ground that it was not clear that Plaintiff's Rehabilitation Act claims were precluded by the Eleventh Amendment as this Court

2

concluded. (*Id.*). With respect to such claims, the matter was remanded back to this Court.

On August 22, 2019, Plaintiff amended his complaint, asserting the same claims based on the same factual allegations. (ECF No. 141). Plaintiff asserted his amended complaint against the same defendants as well as two additional defendants, Deputy Warden Melinda Braman and Administrative Assistant Scott Yokom. Defendants MDOC, Trinity, Washington, Burton, Griffith, and Sage now move for summary judgment. Service on Defendants Braman, Yokom, and Larson has not been accomplished. Defendant Laroe was only recently served and has not yet responded to Plaintiff's amended complaint.

## I. Defendants' Motions for Summary Judgment

### A. Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

B.   Rehabilitation Act

The Rehabilitation Act provides that a qualified individual with a disability shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Gohl v. Livonia Public Schools School District*, 836 F.3d 672, 681 (6th Cir. 2016). The causation standard under the Rehabilitation Act is stringent. Plaintiff must demonstrate that he was subjected to discrimination "solely by reason of" his disability. *Id.* at 682.

5

To the extent Plaintiff seeks to assert Rehabilitation Act claims against any defendant other than the MDOC, such claims must be denied. *See, e.g., Fritz v. State of Michigan*, 747 Fed. Appx. 402, 404 (6th Cir., Aug. 29, 2018) ('[t]he proper defendant in an action under the ADA and the Rehabilitation Act is the public entity responsible for the relevant program"). As for Plaintiff's Rehabilitation Act claims against the MDOC, the MDOC advances two arguments in favor of relief.

First, the MDOC argues that it is entitled to relief because the MDOC's food service program "does not receive federal funding." In support of this assertion, the MDOC has submitted an affidavit executed by Shannon Pike, Administrator of the Budget and Projections Division for the MDOC. (ECF No. 160-3, PageID.1105-07). Pike asserts that "the MDOC stopped receiving any federal funding for its food service program in 2014. . . ." (*Id.*).

While the scope of the Rehabilitation Act is limited to any "program or activity" that receives federal funding, the MDOC's definition of "program or activity" is nevertheless too narrow. The MDOC concedes that it receives federal funding (*see* ECF No. 98, PageID.683; ECF No. 160, PageID.1106), but it argues that, because the *food service program* does not receive federal funding, Plaintiff's claim must fail. As used in the Rehabilitation Act, the term "program or activity" encompasses "all of the operations of . . . a department, agency . . . or other instrumentality of a State or local government . . . any part of which is extended Federal financial assistance." *Bridgewater v. Michigan Gaming Control Board*, 282 F.Supp.3d 985, 992-93 (E.D. Mich. 2017). While the MDOC's food service program may not receive or utilize federal funds,

6

the MDOC, of which the food service program is a part, does receive federal funds. The Court, therefore, rejects this argument.

The MDOC next argues that it is entitled to relief because Plaintiff's Hepatitis C status does not constitute a disability under the Rehabilitation Act. The Court is not persuaded. The definition of "individual with a disability" under the Rehabilitation Act includes any individual who "has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment." 29 U.S.C. § 705(20)(A). The Rehabilitation Act further provides, however, that with respect to employment, the term "individual with a disability . . . does not include an individual who has a currently contagious disease or infection and who, by reason of such disease or infection, would constitute a direct threat to the health or safety of other individuals or who, by reason of the currently contagious disease or infection, is unable to perform the duties of the job." 29 U.S.C. § 705(20)(D).

The MDOC argues that this language "unambiguously" bars Plaintiff's claim. The MDOC failed to identify, however, any court decision interpreting this language in this fashion. Moreover, the Court does not view the language in question as unambiguous. The statute does not categorically preclude claims by all individuals with a contagious disease, but rather precludes claims by persons with a contagious disease who represent a health threat to others. As courts recognize, whether a person's contagious disease represents a sufficient threat to others to preclude a claim under the Rehabilitation Act requires the Court to balance a variety of factors: (1) the nature of the risk; (2) the duration of the risk; (3) the severity of the risk; (4) the probability of

transmission; and (5) whether the risk can be mitigated.  *See, e.g., Wood v. Maryland Department of Transportation*, 732 Fed. Appx. 177, 181 (4th Cir., May 7, 2018) (determining whether a person with a contagious disease poses a threat to others requires the Court to make an "individualized assessment" of the relevant factors); *Henderson v. Thomas*, 891 F.Supp.2d 1296, 1303 (M.D. Ala. 2012) (same).

In support of its motion, the MDOC has provided precious little evidence. Defendant has provided a transcript of Plaintiff's deposition.  There is no indication that Plaintiff is a medical professional or otherwise qualified to discuss the threat represented to others by his employment in food services.   Defendant has likewise failed to identify any testimony by Plaintiff relevant to, or advancing its cause with respect to, the factors identified above.  The MDOC has also submitted a two-page printout published by the United States Centers for Disease Control and Prevention (CDC). (ECF No. 160, PageID.1102-03).  According to the CDC, Hepatitis C is "usually spread when blood from a person infected with the Hepatitis C virus enters the body of someone who is not infected."   (ECF No. 160, PageID.1102).

This suggests that a person with Hepatitis C may constitute less of a threat to others than, for example, a person suffering from a contagious disease spread by airborne particulates.  The MDOC itself seems to recognize such, as it expressly permits prisoners "with a communicable bloodborne infection" to work "in a food service area unless they also have a condition that should disqualify <u>anyone</u> from working with food or food contact services, such as cuts, sores, and dermatitis (above the torso), diarrhea,

8

uncontrolled cough, runny nose, and poor general hygiene." Mich. Dep't of Corrections, Policy Directive 03.04.120 ¶ OO (eff. July 8, 2019).

The Court does not dispute that Hepatitis C is a contagious illness that can result in serious harm. Thus, there may be circumstances in which it is appropriate to preclude an individual with Hepatitis C from performing a job in food services. Any such assessment, however, must be based upon evidence, and in this regard, Defendant's submission is insufficient. This conclusion is further bolstered by the fact that the contagious disease exception invoked by the MDOC is a defense to Plaintiff's claim, a defense for which the MDOC bears the burden. *See Wood*, 732 Fed. Appx. at 181.

Accordingly, the undersigned recommends that, with respect to Plaintiff's Rehabilitation Act claims, Defendants Trinity, Washington, Burton, Griffith, and Sage are entitled to summary judgment. The undersigned further recommends, however, that the MDOC is not entitled to summary judgment as to such claim.

C.   Plaintiff's Other Claims

As noted above, the Sixth Circuit affirmed the Court's dismissal of the other claims asserted in Plaintiff's original complaint. The claims asserted in Plaintiff's amended complaint against Defendants MDOC, Trinity, Washington, Burton, Griffith, and Sage are identical to those in his original complaint. As the Sixth Circuit has held, the law of the case doctrine generally precludes a court from "reexamining an issue previously decided by the same court, or a higher court in the same case." *Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002). Plaintiff does not argue that any exception to this general rule exists or is applicable in

9

the present circumstance. Rather, Plaintiff concedes in his response that "this court cannot overrule the higher court's decision," but Plaintiff nevertheless asserts he "must preserve [the] claims for further appellate review." (ECF No. 168, PageID.1278). Accordingly, the undersigned recommends that the remaining claims asserted in Plaintiff's amended complaint against Defendants MDOC, Trinity, Washington, Burton, Griffith, and Sage be dismissed.

## II.   Defendants Braman, Yokom, Larson, and Laroe

The claims in Plaintiff's amended complaint against Defendants Larson and Laroe are identical to those advanced in Plaintiff's original complaint. Accordingly, the undersigned recommends that Plaintiff's amended claims against Defendants Larson and Laroe be dismissed under the law of the case doctrine.

As for Plaintiff's claims against Defendants Braman and Yokum, such may not be subject to dismissal under the law of the case doctrine because these Defendants were not named in Plaintiff's original complaint. Nevertheless, the claims asserted against these defendants are identical to those asserted against the other defendants and based upon the same factual allegations. Accordingly, for the reasons this Court previously articulated (*see* ECF No. 4, 9), and the Sixth Circuit previously articulated, (ECF No. 16), as well as the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendants Braman and Yokom be dismissed for failure to state a claim on which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 159) be granted in part and denied in part as detailed herein; Defendant's Motion for Summary Judgment (ECF No. 161) be granted; and Plaintiff's claims against Defendants Braman, Yokom, Larson, and Laroe be dismissed. Specifically, the undersigned recommends that all Plaintiff's claims, save his Rehabilitation Act claim against the MDOC, be dismissed for the reasons articulated herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 10, 2020        /s/ Phillip J. Green
                PHILLIP J. GREEN
                United States Magistrate Judge