UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES STEVENS, #155008,        )<br>                   Plaintiff,    )<br>                                       )<br>-v-                                  )<br>                                       )<br>MICHIGAN DEPARTMENT OF CORRECTIONS,  )<br>et al.,                              )<br>                   Defendants.   )<br>                                       ) | No. 1:17-cv-495<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff James Stevens, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges Defendants violated his rights under the Rehabilitation Act. Currently pending are two motions for summary judgment filed by Defendants. Defendants Burton, Griffith, Sage, Washington and MDOC filed one motion (ECF No. 159 MDOC Motion) and Defendant Trinity Services Group filed the other (ECF No. 161 Trinity Services Motion). Defendants Laroe and Larson are former employees of Trinity. The Magistrate Judge issued a report recommending the Court grant the first motion in part and grant the second motion. (ECF No. 177.) The Magistrate Judge also recommends the Court dismiss defendants Braman, Yokom, Larson and Laroe. (*Id.*) Defendants filed objections. (ECF No. 178.) Plaintiff also filed objections. (ECF No. 185.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## I. MDOC Motion — ECF No. 159

### A. MDOC Defendants' Objections

In their motion, the MDOC Defendants identified two reasons for the Court to reject Plaintiff's Rehabilitation Act (RA) claim: (1) Hepatitis C does not constitute a "disability" under language of the RA and (2) MDOC does not receive federal funding for its food service program.

1. Federal Funding. The Magistrate Judge concludes, because the MDOC accepted federal funds, it is not entitled to Eleventh Amendment immunity. The Magistrate Judge relies to the definition of "program or activity" in the RA to conclude that the MDOC is subject to the RA because the MDOC receives federal funds, even if the food service program specifically did not receive federal funds. *See Bridgewater v. Michigan Gaming Control Bd.*, 282 F. Supp. 3d 985, 992-93 (E.D. Mich. 2017). The Magistrate Judge finds Defendant's interpretation of the RA "too narrow." (R&R at 6 PageID.1461.) Defendants object. Defendants reason, under the Magistrate Judge's interpretation, if Michigan accepts any federal funds for use by any program or activity then the State waives its Eleventh Amendment immunity in toto.

Defendants' objection is overruled. Defendants' initial interpretation of the statute was too narrow; their objection too broadly extrapolates the implication of the Magistrate Judge's conclusion. The Magistrate Judge does not conclude Michigan has waived any and

all Eleventh Amendment immunity by accepting federal funds for use by the Department of Corrections. When Michigan accepted federal funds for use by its Department of Corrections, Michigan waived Eleventh Amendment immunity for RA claims brought against the Department of Corrections. This interpretation is consistent with the RA's definition of "program or activity."

Defendants' other arguments on this issue are not persuasive. The holding in *United States Department of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597 (1986) does not help Defendants. The Supreme Court found that the RA did not apply to commercial airlines simply because airport operators accepted federal financial assistance. But, airport operators do not have the same relationship with commercial airlines as the MDOC has with its food services. Defendants also argue, for the first time, that the contract between Trinity Services and the MDOC somehow implicates the RA. District courts need not address arguments raised for the first time in an objection to a report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases).

2. Disability. The Magistrate Judge concludes questions of fact remain whether Hepatitis C constitutes a disability under the RA. Specifically, the RA provides that a person with a disability does not include a person with a contagious disease and who poses a direct threat to the health and safety of other individuals. The Magistrate Judge notes a lack of evidence by the MDOC on the second factor. Defendants object. "Where the R&R and the defendants differ is whether the statute permits some consideration of the degree of potential harm the contagious disease may pose to others." (Obj. at 12 PageID.1478.)

Defendants' objection is overruled. Defendants put forth evidence that Hepatitis C is contagious and is spread through blood. That is the extent of Defendants' evidence. Under Defendants' interpretation, a contagious disease always constitutes a direct threat to the health and safety of others because the disease is contagious. But the statutory language requires more than simply proving the disease is contagious. The statute requires that the individual have a currently contagious disease "*and* who, by reason of such disease or infection, would constitute a direct threat to the health and safety of other individuals . . . ." 29 U.S.C. § 705(20)(D) (emphasis added). Defendants' interpretation and Defendants evidence ignores the statutory language that follows the word "and."

3. Status as Prisoner. In their motion, Defendants included a footnote commenting that while the Seventh Circuit has held that the prisoners cannot bring RA claims based on their work assignments, the Sixth Circuit had not addressed the issue. (ECF No. 160 MDOC Def. Br. at 8 n.4 PageID.1071.) The Magistrate Judge does not address the footnote. Defendants now object. Defendants assert that the Court should follow the Seventh Circuit precedent cited in the footnote rather than the Fourth Circuit case discussed in the R&R.

Defendants' objection is overruled. While Defendants may have previewed this potential argument in their motion, Defendants did not develop the argument in a manner that would require a response from Plaintiff or consideration by a court. *See United States v. Johnson*, 440 F.3d 832, 845046 (6th Cir. 2006); *In re Anheuser-Buesch Beer Labeling Mktg. and Sales Practice Litg.*, 644 F. App'x 515, 529 (6th Cir. 2016); *Nicholson v. City of Clarksville, Tennessee*, 530 F. App'x 434, 445 (6th Cir. 2013). Defendants develop this argument for the first time in their objection. This Court need not address arguments raised

for the first time in an objection. Should Defendants wish to pursue this argument, they may seek leave to file an additional motion. Should they do so, Defendants will need to address circuit court opinions that reach seemingly different conclusions, including some from the Seventh Circuit. *See, e.g., See Jaros v. Illinois Dept. of Corr.*, 684 F.3d 667, 673 (7th Cir. 2012); *Yeskey v. Pennsylvania Dept. of Corr.*, 118 F.3d 168 (3d Cir. 1997).

### B.  Stevens' Objections

1.  Official Capacity Claims / Defendants Laroe, Larson Braman and Yokom.  The Magistrate Judge concludes the MDOC constitutes the only proper defendant.  Stevens' objects.

Stevens' objection is overruled.  For his remaining claim under the RA, the only proper defendant is the public entity, here the MDOC, that administers the relevant program.  When Stevens sued the individual MDOC defendants in their official capacities, he is actually suing the MDOC (or the State).

2.  Claims Other than the RA Claim.  The Magistrate Judge observes that the Sixth Circuit affirmed the dismissal of all claims but the RA claim.  Stevens' objects.  Stevens' objection is overruled.  The only claim this Court may consider on remand is the RA claim.

### II.  Trinity Services' Motion — ECF No. 161

The Magistrate Judge concludes that RA claims can only be brought against the MDOC.  No defendant objects to this conclusion.  The Court has overruled Stevens' objections that would apply.

III.

The Court **ADOPTS** the Report and Recommendation (ECF No. 177) as its Opinion.  Accordingly, the Court **GRANTS, IN PART,** MDOC Defendants' motion for summary judgment (ECF No. 159) and **GRANTS** Trinity Services Group's motion for summary judgment (ECF No. 161).  Plaintiff's claims against Defendants Braman, Yokom, Larson and Laroe are **DISMISSED.**  All claims except for Plaintiff's Rehabilitation Act claim against MDOC are **DISMISSED.  IT IS SO ORDERED.**

Date:  August 3, 2020                                                 /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                            United States District Judge