UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS #155008,

    Plaintiff,                                   Hon. Paul L. Maloney

v.                                               Case No. 1:17-cv-495

MICHIGAN DEPARTMENT
OF CORRECTIONS, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Request for Rule 54(b) Separate and Final Judgment. (ECF No. 188). Plaintiff initiated this action against the MDOC, Trinity Services Group (Trinity), and six individuals including Lois Laroe. On August 3, 2020, the Honorable Paul L. Maloney entered an Order dismissing all Plaintiff's claims, save one claim against the MDOC. (ECF No. 187). Defendants Trinity and Laroe now move the Court to enter a "final judgment" in their favor. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

**ANALYSIS**

Defendants Trinity and Laroe, relying on Federal Rule of Civil Procedure 54(b), seek entry of final judgment in their favor. Rule 54(b) provides that, "when an action presents more than one claim for relief . . . or when multiple parties are involved, the

court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

When considering whether there exists a "just reason" to delay entering judgment, the Court must consider several factors: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *U.S. Citizens Association v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013). Moreover, the Court must consider "judicial administrative interests" and "take care to preserve the historic federal policy against piecemeal appeals." *Crowley v. Anderson County, Tennessee*, 2018 WL 8919928 at *2 (E.D. Tenn., Sept. 28, 2018).

Defendants argue that entry of judgment is proper because the claims asserted against them are distinct and separable from the remaining claims asserted against the MDOC. Even if such were the case, however, entering judgment in favor of Defendants Trinity and Laroe at this juncture would force Plaintiff to choose between: (1) the possibility of pursuing multiple appeals, or (2) forfeiting his opportunity to pursue an appeal of the Court's decision dismissing his claims against Defendants Trinity and Laroe. Defendants articulate no reason for entering a partial final judgment at this juncture, let alone why Plaintiff should be forced to make the choice outlined above. The

2

Court, therefore, finds that preventing the possibility of piecemeal appeals, especially in the absence of any counterbalancing interest, constitutes "just reason" to delay entry of final judgment in favor of Defendants Trinity and Laroe. Accordingly, the undersigned recommends that Defendants' motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Request for Rule 54(b) Separate and Final Judgment, (ECF No. 188), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 22, 20202

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

3