UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS #155008,

      Plaintiff,                                   Hon. Paul L. Maloney

v.                                                    Case No. 1:17-cv-495

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Second Motion for Summary Judgment. (ECF No. 228). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against the MDOC, MDOC Director Heidi Washington, Trinity Services Group, Classification Director Michelle Sage, Correctional Officer Lyle Griffith, Trinity Food Service Supervisor Lois Laroe, Trinity Food Service Director Raymond Larson, and Warden Dwayne Burton. (ECF No. 1). The factual allegations in Plaintiff's complaint have been detailed previously. (ECF No. 4). Briefly summarized, however, Plaintiff's allegations are as follows.

In February 2016, Plaintiff was assigned to work in food service. When Plaintiff arrived to begin this position he reported to Food Service Supervisor Laroe who instructed Plaintiff to work on the food service line. Plaintiff responded by informing

Laroe that he had Hepatitis C and would prefer to work in a non-food handling capacity. Laroe immediately terminated Plaintiff's food service assignment and Plaintiff was reassigned to work as a unit porter.

Plaintiff alleged that the decision to terminate him from his food service position violated the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), the Equal Protection and Due Process protections of the Fourteenth Amendment, his Eighth Amendment rights, and also constituted a conspiracy to violate his constitutional rights. Plaintiff also advanced eight state law causes of action.

On June 23, 2017, the Honorable Paul L. Maloney dismissed all of Plaintiff's federal law claims for failure to state a claim on which relief may be granted. (ECF No. 4, 9). The Court also dismissed without prejudice Plaintiff's state law claims. (*Id.*). Plaintiff appealed the matter to the Sixth Circuit, which, in an order dated April 12, 2018, expressly affirmed the dismissal of Plaintiff's claims with one exception. (ECF No. 16). Specifically, the Sixth Circuit vacated the decision to dismiss Plaintiff's Rehabilitation Act claims on the ground that it was not clear that Plaintiff's Rehabilitation Act claims were precluded by the Eleventh Amendment as this Court concluded. (*Id.*). With respect to such claims, the matter was remanded back to this Court.

On August 22, 2019, Plaintiff amended his complaint, asserting the same claims based on the same factual allegations. (ECF No. 141). At this juncture, the only claim remaining in this matter is Plaintiff's Rehabilitation Act claim against the MDOC. (ECF No. 187). The MDOC now moves for summary judgment. Plaintiff has responded to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

3

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

The Rehabilitation Act provides that a qualified individual with a disability shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Gohl v. Livonia Public Schools School District*,

836 F.3d 672, 681 (6th Cir. 2016). The causation standard under the Rehabilitation Act is stringent. Plaintiff must demonstrate that he was subjected to discrimination "solely by reason of" his disability. *Id.* at 682.

Plaintiff alleges that the decision by the MDOC to terminate his position in food service was due to his Hepatitis C status. At his deposition, Plaintiff testified that, in addition to Hepatitis C, he also experiences gastroesophageal reflux disease (GERD). (ECF No. 160, PageID.1095). Plaintiff stated that, because of these conditions, he gets sick when working near food. (*Id.*). Plaintiff was assigned to work in Food Service by Classification Director Michelle Sage. (Id., PageID.1084). Plaintiff, however, did not inform Sage of his Hepatitis C status or his inability to work near food. (*Id.*). After arriving at Food Service, Plaintiff informed Food Service Supervisor Laroe that he did not want to work near food.[1] (ECF No. 160, PageID.1084). Plaintiff was, therefore, removed from his food service position and reassigned, by Sage, to a position as a porter. (ECF No. 63, PageID.400). Sage reassigned Plaintiff to work as a porter "because [the facility] had a greater institutional need for porters than it did for food service workers." (*Id.*).

Even interpreted in Plaintiff's favor, this evidence demonstrates that Defendant is entitled to summary judgment. Plaintiff testified that he became sick working near food, a fact he failed to report to Classification Director Sage. Not surprisingly, after being assigned to Food Service, Plaintiff requested a job that did not require him to work

---

1 As a matter of common sense, the inability to work near food would appear to preclude working in *food* service.

5

around food. Accordingly, Sage reclassified Plaintiff to a position that satisfied Plaintiff's stated desire as well as institutional need. Simply put, Plaintiff cannot establish that he was denied a position in food service solely because of his alleged disability.

The Court recognizes that Plaintiff has submitted evidence indicating that his Hepatitis C status did not preclude him from working in Food Service. (ECF No. 233, PageID.2008-11). The relevant question, however, is not whether Plaintiff could have worked in Food Service, but instead whether the decision to reassign him to a different position was *solely* because of his Hepatitis C status. As discussed above, however, this decision was due to Plaintiff's expressed desire as well as institutional need. Thus, this evidence does not advance Plaintiff's cause.

Plaintiff also argues that the Court's Order permitting Defendant to file a second motion for summary judgment precludes Defendant from seeking relief on grounds that Plaintiff cannot establish causation. While Defendant's motion focused on other arguments, the Court's Order permitting Defendant to file a second motion for summary judgment did not limit or restrict the issues which Defendant could therein assert. The Court, therefore, finds this argument unpersuasive.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Second Motion for Summary Judgment (ECF No. 228) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 9, 2021  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge