UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. STEVENS, #155008,  )<br>                   Plaintiff,  )<br>                              )<br>-v-                            )<br>                              )<br>MICHIGAN DEPARTMENT OF CORRECTIONS,  )<br>*et al.*,  )<br>                   Defendants.  )<br>_____  ) | No. 1:17-cv-495<br><br>Honorable Paul L. Maloney |

## OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff James Stevens, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this lawsuit alleging violations of his civil rights. A single claim remains: Plaintiff's allegation that his termination from a position in the prison's food service violated his rights under the Rehabilitation Act. The Court concludes that Plaintiff cannot maintain a claim under the Rehabilitation Act and will grant Defendant's motion for summary judgment.

I.

For the purpose of this order, the Court summarizes the most relevant portion of this lawsuit's history. The Case Management Order issued in June 2019 allowed each party to file one motion for summary judgment. (ECF No. 90.) Defendants filed a motion for summary judgment. In a footnote, Defendants commented that the Seventh Circuit Court of Appeals held that the Rehabilitation Act (RA) does not apply to claims arising from a prisoner's work assignment. (ECF No. 160 at 8 n.4 PageID.1271.) Because Defendants did

Case 1:17-cv-00495-PLM-PJG ECF No. 242, PageID.2066 Filed 09/07/21 Page 2 of 9

not request summary judgment and dismissal of the RA claim on this basis, the Magistrate Judge did not address the footnote in the report and recommendation (R&R). (ECF No. 177.) Defendants filed objections to the R&R, this time expressly raising the argument that prisoners are not considered employees of the facility where they are housed and where their work assignments occur. (ECF No. 178 at 9-10 PageID.1475-76.) This Court overruled the objection because Defendants had not developed the argument in their motion for summary judgment. (ECF No. 187 at 4-5 PageID.1532-33.)

MDOC then filed a motion for leave to file a second motion for summary judgment. (ECF No. 207.) As required by the Local Rules, MDOC filed the proposed motion as an attachment. (ECF No. 207-1.) Through counsel, Plaintiff filed a response. (ECF No. 217.) The Magistrate Judge granted MDOC's motion and ordered the MDOC to "separately file its second motion for summary judgment[.]" (ECF No. 227 PageID.1920.) Plaintiff then filed an objection, arguing that Defendants failed to establish good cause. (ECF No. 230.). This Court overruled the objection. (ECF No. 235.) The Court reasoned that Defendants had identified a question of law that would have to be resolved by the Court before trial and which could resolve the only remaining claim. Allowing a second motion for summary judgment, therefore, was the most efficient use of resources.

Defendant filed a second motion for summary judgment. (ECF No. 228.) The document Defendant filed, however, added a *factual* issue that was not included in the proposed second motion. The Magistrate Judge issued a report recommending the Court grant Defendant's motion on the factual issue. (ECF No. 234.) Plaintiff filed objections. (ECF No. 240.) Defendant filed a response. (ECF No. 241.)

2

## II.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff objects to the portion of the R&R where the Magistrate Judge considered arguments that were not included in the proposed second motion for summary judgment. Among other authority, Plaintiff points to the requirement in the Local Rules that requires proposed pleadings and motions to be attached as exhibits to the motion seeking leave of the court. *See* W.D. Mich. LCivR 5.7(f).

The Court agrees with Plaintiff and will sustain the objection. Defendant sought leave to raise a specific, narrow, legal argument in a motion for summary judgment. The Court granted Defendant the relief sought. Defendant then amended the proposed motion, adding new factual arguments, not legal arguments. The Court did not grant Defendant leave to raise any and all new arguments in a motion for summary judgment; the Court granted Defendant leave to file the proposed motion for summary judgment. The Court declines to consider the factual issue.

Accordingly, the Court will REJECT the report and recommendation.

III.

Plaintiff filed this lawsuit more than four years ago. Defendant's motion for summary judgment raises a legal question that may terminate the remaining claim. To move this lawsuit along, the Court will not have the Magistrate Judge issue a report and recommendation on the remaining issue. Instead, this Court will resolve the legal question presented in the motion for summary judgment.

A.

A trial court should grant a motion for summary judgment only in the absence of a genuine dispute of any material fact and when the moving party establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Crop. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this burden, the moving party must identify those portions of the pleadings, depositions, answers to interrogatories, admissions, any affidavits, and other evidence in the record, which demonstrate the lack of genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). The moving party may also meet its burden by showing the absence of evidence to support an essential element of the nonmoving party's claim. *Holis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 543 (6th Cir. 2014). When faced with a motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The court must view the facts and draw all reasonable

inferences from those facts in the light most favorable to the nonmoving party. *Maben v. Thelen*, 887 F.3d 252, 263 (6th Cir. 2018) (citing *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In resolving a motion for summary judgment, the court does not weigh the evidence and determine the truth of the matter; the court determines only if there exists a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

B.

The Rehabilitation Act of 1973, specifically Section 504, prohibits discrimination against the disabled under any program or activity receiving Federal financial assistance. *Consolidated Rail Corp. v. Darrone*, 465 U.S. 625, 632 (1984). "And it is unquestionable that the section was intended to reach employment discrimination." *Id.* The RA provides that qualified individuals with a disability shall not "solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 681 (6th Cir. 2016) (quoting 29 U.S.C. § 794(a)). To plead a prima facie claim for discrimination under the RA, Plaintiff must show (1) he is disabled under the RA; (2) he is otherwise qualified to participate in the program; (3) he has been excluded from participating in, denied the benefits of, or subjected to discrimination because of his disability; (4) and that the program receives federal financial assistance. *Id.* at 682-83. For an employment discrimination claim under the RA, a plaintiff must show (1) he

is an individual with a disability; (2) he is otherwise qualified to perform the requirements of the job, with or without a reasonable accommodation; and (3) he suffered an adverse employment action solely because of his disability. *Lee v. City of Columbus, Ohio*, 636 F.3d 245, 250 (6th Cir. 2011).

### C.

The pleadings and records support the following facts. (ECF No. 177 R&R and 187 Order Adopting R&R.) Plaintiff has Hepatitis C and other health issues. He requested a prison work assignment and was sent to food services where he was told to work on the food service line. Plaintiff then informed the Food Service Supervisor of his Hepatitis C status and stated that he would prefer to do work that did not involve handling food. The Food Service Supervisor terminated the work assignment. Plaintiff was subsequently assigned to work as a porter.

### 1.

The evidence in the record does not support an RA claim for employment discrimination. Plaintiff was not an employee and the MDOC is not Plaintiff's employer. Mich. Dep't of Corr. Policy Directive 05.02.110 ¶ A ("Prisoners assigned to work are not employees of the Department and, therefore, are not eligible to receive worker's compensation or unemployment compensation benefits for their work assignments."). Under Michigan law, prison administrators have "complete discretion regarding prisoner work assignments." *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011) (citing Mich. Dep't of Corr. Policy Directive (PD) 05.01.100 ¶ O)); *see Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (holding that our Constitution does not create any liberty or

property interest in prison employment and that any cognizable interest in a prison job must arise under state law and collecting cases). Prison work assignments are understood to be conditions of confinement, not employment. *Nettles v. Smoker*, No. 1:13cv1353, 2015 WL 1565429, at *5 (W.D. Mich. Apr. 8, 2015) (order adopting R&R). Other circuit courts have also concluded that prisoners cannot bring employment discrimination claims because they are not in an employment relationship with the prison. *See, e.g., Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 419 (7th Cir. 2018) (state prisoner could not bring employment claim under either ADA or the RA); *Williams v. Meese*, 926 F.2d 994, 997 (federal prisoner could not bring employment claims under ADEA, Title VII, Equal Pay Act or the RA).

2.

The Court also considers whether Plaintiff has an RA claim for the denial of access to a program or benefits.[1] *See Key v. Grayson*, 179 F.3d 996, 997 (6th Cir. 1999) ("[I[t is now established that the ADA and the Rehabilitation Act apply to prisoners[.]").

Although the Sixth Circuit has not considered the question, two circuit court have applied a deferential standard of review to prisoner claims brought under the RA. *Gates v. Rowland*, 39 F.3d 1439, 1447 (9th Cir. 1994) (holding that the "applicable standard of review of the Act's statutory rights in a prison setting to be equivalent to the review of constitutional rights in a prison setting, as outlined by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987)."); *Randolph v. Rodgers*, 170 F.3d 850, 857-59 (8th Cir. 1999) (finding that a deaf prisoner could maintain an RA claim against the prison for failing to provide a sign language

---

[1] Claim 2 in the Amended Complaint, ¶ 43.

interpreter and concluding that a genuine issue of material fact existed whether the accommodation posed a safety, security and financial burden on the prisons).

The Court finds Defendant is entitled to summary judgment for an RA claim against MDOC. Here, the Court assumes Plaintiff can establish the first, second and fourth elements for an RA claim. Plaintiff, however, cannot prove the third element, that he was excluded from participating in, denied the benefits of, or subjected to discrimination because of his disability. The record contains evidence that Plaintiff was forced to leave the position in food service because of his disability. But, the record also contains evidence that Plaintiff was given another work assignment. To the extent the RA requires the MDOC, as the recipient of federal funds, to allow disabled people access to programs like work assignments, the MDOC has done just that. Plaintiff has not established that the RA requires a particular work assignment. It does not. And, while one work assignment might be more preferable, Plaintiff has failed to identify any authority that those differences make a difference to a denial of access claim.[2] Simply put, Plaintiff has not been excluded from participating in work assignments in the prison because of his disability and he has not been denied the benefits of work assignments because of his disability. The reassignment, even though it was because of his disability, does not constitute actionable discrimination under the Rehabilitation Act in the prison setting.

---

[2] Differences in pay between work assignments might make a difference for an employment discrimination claim where a plaintiff would have to show an adverse action.

For the reasons provided in the accompanying Opinion,

1. The Court **REJECTS** the Report and Recommendation (ECF No. 234); and

2. The Court **GRANTS** Defendant's motion for summary judgment (ECF No. 228).

**IT IS SO ORDERED:**

Date:   September 7, 2021                                    /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge